**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JENNIFER ZAPALAC, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-00879 |
| CREDENCE RESOURCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JENNIFER ZAPALAC ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.  Plaintiff is a natural person over 18-years-of-age residing within the Western District of Texas.

5.  Defendant, "offers third party collection services across pre-collect, primary, secondary, tertiary, quad and warehouse placement categories in healthcare, telecommunication, insurance, utility services, retail and financial services verticals."[1] Defendant is a limited liability company organized under the laws of the State of Nevada with its principal place of business located at 17000 Dallas Pkwy Ste 204 Dallas, Texas 75248.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  The instant actions arises out of Defendant's attempts to collect upon Plaintiff's purported past due payments ("subject debt") said to be owed by Plaintiff in connection with services she received from AT&T.

8.  Plaintiff's AT&T account was used for her personal purposes.

9.  Upon information and belief, after Plaintiff's purported default on the subject debt, AT&T turned the subject debt over to Defendant for collection purposes.

---

[1] https://credencerm.com/index.html

10. On or around May 19, 2020, Plaintiff agreed to pay off the subject debt with Defendant, entering into a payment transaction for $303.53 in order to satisfy her obligation on the subject debt.

11. On or around May 20, 2020, rather than withdraw the $303.53 the parties agreed upon, Defendant withdrew $607.06, double the agreed upon amount and double Plaintiff's obligation on the subject debt.

12. Although Defendant ultimately realized its mistake and credited back its unauthorized withdrawal, Plaintiff was deprived precious financial resources, at a critical time, for at least 20 days.

13. Furthermore, Defendant was reporting the subject debt on Plaintiff's credit report for the $303 balance.

14. After Plaintiff satisfied the subject debt in full, Defendant updated its reporting on Plaintiff's credit report.

15. However, rather than report the subject debt as paid, Defendant reported the subject debt as still having a $303 balance.

16. As such, Defendant knew, or should have known, that the information it reported regarding Plaintiff's purported indebtedness on the subject debt was false and inaccurate.

17. In addition to the unauthorized withdrawals and knowingly inaccurate credit reporting, Defendant began placing phone calls to Plaintiff's cellular phone, (316) XXX-0073, attempting to collect upon the subject debt notwithstanding Plaintiff having already paid it off at the time of Defendant's phone calls.

18. Defendant knew it had no reason to attempt to contact Plaintiff regarding the subject debt, yet placed its phone calls in a harassing, deceptive, and unfair attempt to continue extracting payment from Plaintiff.

19. Frustrated and confused over Defendant's harassing conduct, Plaintiff spoke with undersigned attorney regarding her rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily mislead by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls in connection with a debt that was paid, emotional distress, anxiety, being deprived necessary financial resources as a result of Defendant's conduct, lost time dealing with and addressing Defendant's conduct, damage stemming from prolonged periods of inaccurate credit reporting, as well as a violation of her state and federally protected interests to be free from harassing, abusive, deceptive, and unfair collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d

4

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated § 1692d when it attempted to extract payment from Plaintiff on a debt she no longer owed. Repeatedly attempting to collect on a debt which Plaintiff no longer owed is conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

29. Defendant further violated § 1692d when it abusively withdrew double Plaintiff's actual obligation on the subject debt from her bank account. Defendant's unauthorized withdrawal and retention of such funds for not less than 20 days was conduct which would naturally have the consequence of harassing, oppressing, and abusing Plaintiff – especially considering the current financial and economic reality gripping the entire country.

**b. Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

"Communicating or threatening to communicate to any person credit information which is known or which should be known to be false . . ." 15 U.S.C. § 1692e(8);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), and e(10) when it knowingly reported false credit information regarding the subject debt to the credit bureaus. Despite the fact that Plaintiff paid the subject debt, Defendant reported the subject debt to the credit bureaus as

having a $303 balance. The fact Defendant updated its reporting to reflect a $303 balance long after Plaintiff paid the subject debt illustrates that Defendant knew, or should have known, that the information it reported was false. Defendant's conduct posed a material risk of harm to Plaintiff's financial interests given its willful reporting of inaccurate credit information.

33. Defendant further violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  Specifically, it was deceptive for Defendant to attempt to collect on the subject debt after Plaintiff satisfied her obligation.  It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, even though Plaintiff did not owe the subject debt. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts that are not owed, underscoring how Defendant's conduct posed a material risk of harm to Plaintiff interests provided to her under the FDCPA.

34. Additionally, Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it deceptively and misleadingly withdrew $607.06 from Plaintiff's account, rather than the $303.53 representing Plaintiff's actual obligation. It was inherently false, deceptive, and misleading for Defendant to make it withdrawal as it was entirely unauthorized.

**c.  Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

36. Defendant violated 15 U.S.C. §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff did not owe. It was unfair for Defendant to attempt to collect the

subject debt from Plaintiff, and similarly unfair for Defendant to ignore Plaintiff's information that the subject debt was paid off. Defendant engaged in this conduct in an unfair attempt to extract payment from Plaintiff even though she no longer owed the debt serving as the basis of Defendant's collection efforts.

37. Defendant further violated 15 U.S.C. §§1692f and f(1) when it unfairly and unconscionably withdrew funds from Plaintiff's account absent authorization. Although Plaintiff agreed to a portion of what Defendant withdrew, Defendant withdrew an amount greater than what was agreed and greater than Plaintiff's actual obligation on the subject debt. As such, Defendant unfairly collected from Plaintiff an amount not authorized by any agreement nor permitted by law.

38. Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JENNIFER ZAPALAC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.304

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

44. Defendant violated the above referenced provisions of the TDCA through its blatantly and knowingly false reporting of Plaintiff's credit information to the various credit bureaus. Despite knowing that Plaintiff had paid the subject debt, Defendant reported the subject debt to the credit bureaus as still having a balance.

45. Defendant violated the above referenced provisions of the TDCA when it attempted to collect upon a debt which Plaintiff no longer owed. Through its deceptive phone calls to Plaintiff, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt. Such conduct similarly constitutes the utilization of false representations and deceptive means in order to collect a debt and is therefore a violation of the TDCA.

46. Defendant further violated the above referenced provisions of the TDCA when it withdrew unauthorized funds from Plaintiff's account in its efforts to collect the subject debt.

WHEREFORE, Plaintiff, JENNIFER ZAPALAC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 29, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com